NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZACHARY BARIAN, | No. 16-15603 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01102-WBS-CKD |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted March 12, 2018**
San Francisco, California

Before: WALLACE and CALLAHAN, Circuit Judges, and SELNA,*** District
Judge.

Zachary Barian, a federal prisoner incarcerated at the Federal Correctional

Institute in Herlong, California (FCI Herlong), appeals pro se from the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

court's judgment dismissing his claim brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barian asserts that federal prison officials at FCI Herlong, including Lieutenant Kenneth Bolinski, negligently exposed him to 2-chlorobenzal-malonotrile (CS), the defining component of tear gas, by conducting a training exercise in windy conditions too close to the prison recreational yard. The district court found that Barian's claim was barred by the FTCA's discretionary function exception. We review de novo dismissal of an FTCA action for lack of subject matter jurisdiction under the discretionary function exception, and review determination of the underlying facts for clear error. *Myers v. United States*, 652 F.3d 1021, 1028 (9th Cir. 2011) (citations omitted).

We affirm for the reasons stated by the magistrate judge, which the district court adopted in full. Lieutenant Bolinski's decisions relating to the time, place, and manner of the training exercise "involve an element of judgment or choice," and so satisfy the first part of the two-part test for the discretionary function exception. *Id.* Decisions regarding the training exercise also are "susceptible to a policy analysis" in that they involve at least "two competing policy interests," including prisoner well-being and the need for training and readiness. *Chadd v. United States*, 794 F.3d 1104, 1111–12 (9th Cir. 2015). This satisfies the second

2

part of the test. Therefore, the magistrate judge was correct to conclude that Lieutenant Bolinski's decisions regarding the training exercise are shielded by the discretionary function exception.

Barian argues that the district court erred by failing to apply California state law to his FTCA claim. But whether the discretionary function exception shields the government from FTCA liability in the first place is resolved under federal law. *Bailey v. United States*, 623 F.3d 855, 860 n.2 (9th Cir. 2010).

Barian also argues that the discretionary function exception does not apply because Lieutenant Bolinski was negligent. However, "negligence is simply irrelevant to the discretionary function inquiry." *Kennewick Irrigation Dist. v. United States*, 880 F.2d 1018, 1029 (9th Cir. 1989). The discretionary function exception shields federal officials from FTCA liability not only for negligence, but even for abuses of discretion, so long as the federal official's discretion involves consideration of competing policy interests. *See id.* at 1021–23.

Finally, the regulation and statute cited by Barian in an attempt to defeat the discretionary function exception are inapplicable. 28 C.F.R. § 552.25 deals only with the conditions under which federal prison officials may intentionally apply chemical agents to inmates. This regulation has no bearing on the negligent conduct alleged by Barian. The statute invoked by Barian—18 U.S.C. § 4042— outlines federal prison officials' general duty of care toward inmates, but does not

prescribe a specific course of conduct that leaves "no room for choice or judgment." *United States v. Gaubert*, 499 U.S. 315, 324 (1991).

The magistrate judge's reasoning was correct. The district court did not err in dismissing Barian's FTCA action for lack of subject matter jurisdiction.

**AFFIRMED**.